## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3899 | **DATE** | 6/12/2013 |
| **CASE TITLE** | *Piscopo v. Standard Oil of Indiana, et al* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the complaint is dismissed. Any pending motions are stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Vincent Piscopo alleges that Amoco Oil Company (which Plaintiff alleges is a subsidiary of Standard Oil of Indiana) "forced my son from his Amoco Franchised location [on the] NE corner [of] Main St. & Roosevelt Rd. 1971 to 1981 with help from the elected and or appointed State and Federal officials." (Compl., Dkt. # 7, at 1.)[1] Plaintiff alleges that Amoco diverted millions of gallons of gas per year from his son's franchise to another franchise "to control their franchises (dealers) from becoming truly independent."

    Plaintiff's complaint does not set forth any particular causes of action, but does allege that Amoco acted fraudulently and lied in diverting the gas and that it was helped by defendants Governor James Thompson and former United States Attorney Dan Webb, among others. Plaintiff further alludes to conspiracy and obstruction of justice and states that he is "blow[ing] the whistle" and "wish[es] to seek immunity." (*Id.*) The purportedly illicit actions by the defendants apparently occurred from approximately 1971 to 1981. Plaintiff seeks $30 million in damages.

    The Court has conducted an initial review of the complaint. Putting aside issues of standing (Plaintiff interchangeably refers to himself and his son), any causes of action, which occurred approximately thirty to forty years ago, appear time-barred. The period of limitations, however, is an affirmative defense and "[c]omplaints need not anticipate defenses and attempt to defeat them." *Richards v. Mitcheff*, 969 F.3d 635, 637 (7th Cir. 2012). Nevertheless, while Plaintiff's complaint may not properly be dismissed based on a limitations defense under Rule 12(b)(6):

> A plaintiff whose allegations show that there is an airtight defense has pleaded himself out court, and the judge may dismiss the suit on the pleadings under Rule 12(c). This comes to the same thing as a dismissal under rule 12(b)(6), and opinions, including some by this court, often use the two interchangeably.

*Id*.

    The limitations periods for any causes of action have long since passed. *See, e.g., Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011) (two year limitations period for § 1983 claims in Illinois); *Moore v. City of*

**STATEMENT**

*Chi.*, 126 Fed. Appx. 745, 747 (7th Cir. 2005) (four year limitations period for § 1981 claims); *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870, 877 (N.D. Ill. 2009) (ten-year limitations period under Illinois law for actions based on written contracts); *Gilmore v. Bayer Corp.*, 2012 WL 1076298, at *3 (N.D. Ill. March 29, 2012) (five-year limitations period for common law fraud and negligence claims).

Because it is clear that Plaintiff's causes of action are subject to an "airtight defense," the complaint is dismissed. Any pending motions are stricken as moot. Civil case terminated.

1. The Court construes Plaintiff's initial filing, which is titled "Brief on the Merits Conspiracy and Obstruction of Justice," as his complaint.